



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. Homer Garrison, Jr., Director
Department of Public Safety
Camp Mabry
Austin, Texas

Dear Sir:          Attention of Mr. Fred Hickman, Assistant
                            Director.

                Opinion No. O-1969
                Re: Should a travel bureau vehicle, haul-
                    ing passengers for hire, be charged
                    for the motor bus license and the
                    seating tax as provided in Sections
                    6 and 8a, H. B. 6, ch. 88, p. 172,
                    G. L., 2nd C. S., 41st Leg.?

        We are in receipt of your letter of recent date,
requesting the opinion of this department, touching the
above question.

        Section (n) of Article 6675a-1, Vernon's Anno-
tated Civil Statutes (Acts 1929, 41st Leg., 2nd C. S.,
p. 172, ch. 88, #1), defines a "motor bus" as follows:

        "Motor bus shall include every vehible
    except those operated by muscular power or
    exclusively on stationary rails or tracks,
    which is used in transporting persons between
    or through two or more incorporated cities
    and/or towns and/or villages for compensation
    (or hire) whether operated over fixed routes
    or otherwise; except such of said vehicles
    as are operated exclusively within the limits
    of incorporated cities and/or towns or subur-
    ban additions to such town."

        Section 8a of this Act prescribes the annual
license fees for the registration of motor buses.

        The first paragraph of your letter reads as

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Homer Garrison, Jr., Page 2

follows:

"In view of the fact that we are having a number of complaints about travel bureau automobiles operating without regulation or responsibility and carrying passengers for hire between incorporated towns and cities, we are asking that you please give us an opinion on whether or not a travel bureau vehicle, hauling passengers for hire, should be charged for the motor bus license and the seating tax as provided in Sections 6 and 8a of House Bill 6, Chap. 28, p. 172, General Laws, Second Called Session, Forty-first Legislature."

The question as submitted is hypothetical to a great extent, to which we are unable to give a categorical answer. Manifestly, it is a question of fact as to whether a travel bureau, or any individual, firm or corporation, operates motor vehicles within the purview of the above statute. Certainly if a motor vehicle is operated by a travel bureau in transporting persons in the manner set out in the statute for compensation or hire, whether over fixed routes or otherwise, it should be charged for the motor bus license as provided in the above act. It will likewise be subject to other regulatory statutes pertaining to the operation of motor vehicles in such manner. The facts alone can resolve the question.

We will gladly render you a full opinion touching the matter if you desire to submit to us additional facts pertaining thereto.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Zollie C. Steakley
Zollie C. Steakley
Assistant

ZCS:AW    APPROVED FEB 23, 1940

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN